FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 11 2003

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JANICE S. CHAPARRO                                                    PLAINTIFF

VS.                     NO. 4-03-CV-00444 GTE

PHILANDER SMITH COLLEGE                                               DEFENDANT

COMPLAINT  This case assigned to District Judge Eisele
                 and to Magistrate Judge Forster

This is a civil rights action brought pursuant to 42 U.S.C. Section 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), pursuant to 42 U.S.C.S. § 12101 (American with Disabilities Act), in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff, **Janice S. Chapparro** has been subjected to as a result of being terminated due to her being regarded as disabled and/or her record of such disability, as well her having opposed unlawful employment practices. This is also an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff also seeks injunctive relief against the defendants to enjoin them from further acts of discrimination. The plaintiff also requests the court to assume supplemental jurisdiction over her state law claims of wrongful discharge, breach of contract, and defamation of character.

I.

Jurisdiction

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), and 42 U.S.C.S. § 12101 (Americans with Disabilities Act). The court is also requested to assume

1



supplemental jurisdiction over the plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

2. The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in the City of Little Rock, Arkansas.

II.

Parties

3. The plaintiff is a resident of Pulaski County, Arkansas, and is a citizen of the United States of America.

4. The defendant Philander Smith College is a domestic, non-profit corporation, that is licensed in the State of Arkansas, doing business as a institution of higher learning.

5. The defendant Philander Smith College is an employer within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

III.

Facts

6. The plaintiff initially begin working for Philander Smith College in March 1997, and terminated her employment with said defendant in September 1998.

7. The plaintiff was again employed by the defendant Philander Smith College in November 2000, working in the Department of Social Work, holding the titles of Assistant Director/Associate Professor.

8. The plaintiff holds a masters degree in social work, having obtained her degree in May 1980, from the University of Pennsylvania.

9. The plaintiff was employed by the defendant pursuant to a contract, that was for a ten (10) month period beginning on September 15, 2001 and ending on July 31, 2002. (**A copy of said**

**contract is attached herein as Plaintiff's Exhibit "A").**

10. The plaintiff's contract was renewed on June 6, 2002, by Dr. Trudie Kibbe Reed, President of Philander Smith College, with the contract period commencing on August 1, 2002 and ending on May 31, 2003. **(See Plaintiff's Exhibit "B").**

11. As the Associate Director/Assistant Director, the plaintiff was primarily responsible for coordinating the department of social work's grant from the Arkansas child welfare agency. The plaintiff was also responsible for supervising the grant staff. The plaintiff also had teaching responsibilities that included teaching basic and advanced Human Behavior in the Social Environment, Community Social Work Practice, Introduction to Sociology-Honors, and Freshman Orientation.

12. Wynona Bryant-Williams is a former employee of Philander Smith College, and is a close friend of the plaintiff, which was widely known at Philander Smith College, and more particularly by Dr. Reed.

13. Tension between Dr. Reed and Mrs. Williams began to surface, and upon information and belief, Dr. Reed mounted a campaign to have Mrs. Williams removed from her then position of Director of the Black Family Studies Program.

14. On February 20, 2002, Mrs. Williams was advised by Dr. Reed that her position was being eliminated effective August 31, 2001.

15. On or about August 22, 2002, Mrs. Williams filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), against Philander Smith College, contending that she had been discriminated against on account of her age and race.

16. Mrs. Williams listed the plaintiff Janice S. Chaparro as a supporting witness, in

documents that she filed with the EEOC, which came to the attention of Dr. Reed and other Philander Smith College officials.

## IV.

## Count I

### Violation of the Americans with Disabilities Act

17. The plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16, *supra.*, inclusive as though set forth herein word for word.

18. The plaintiff has a history of mental illness, having being diagnosed with bi-polar disorder sometime in 1996.

19. In January 2002 the plaintiff was approached by Dr. Mary Beth Ross, about teaching honors students. It was Dr. Ross' desire to hire the plaintiff to teach this course at Philander Smith College.

20. Dr. Reed questioned Dr. Ross' desire to place the plaintiff on the faculty to teach honors students, making the comment that "you know she had a nervous breakdown and is unstable."

21. Dr. Reed has made similar comments to other officials, faculty members, and students about the mental condition of the plaintiff.

22. The plaintiff was terminated on November 7, 2002, for allegedly violating a directive of Dr. Reed in not communicating to the press.

23. After the plaintiff's termination, Dr. Reed made the statement that "firing Ms. Chaparro was the best thing that was ever done, because you know that she is crazy."

24. Dr. Reed terminated the plaintiff due to the plaintiff's perceived disability, in

violation of the Americans with Disabilities Act.

## V.

## Count II

## Retaliation

25. The plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25, *supra.*, inclusive as though set forth herein word for word

26. When Mrs. Williams discovered that her job was being eliminated at Philander Smith College, she requested to have a grievance hearing, which was held in April 2002.

27. Upon information and belief, Ms. Williams grievance was based in part on her belief that she was being discriminated against on account of her age.

28. The plaintiff wrote a letter in support of Ms. Williams, basically recounting the events that were the subject of the grievance hearing, and opining that it was unfair as to the way Ms. Williams was being treated.

29. When Ms. Williams' position was eliminated effective August 31, 2002, she filed a complaint with the EEOC, naming the plaintiff as a witness.

30. Upon information and belief, the EEOC information was forwarded to Dr. Reed and other Philander Smith College officials.

31. Also, Dr. Reed was well aware that the plaintiff was supportive and provided assistance to Ms. Williams in her EEOC complaint against Philander Smith College.

32. Due to the plaintiff having opposed the discriminatory treatment that Ms. Williams

was being subjected to, the plaintiff was terminated from her place of employment with the defendant, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

## VI.

## Count III

## Wrongful Discharge

33. The plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32, *supra.*, inclusive as though set forth herein word for word.

34. The plaintiff was working with the defendant pursuant to a contract, which terms commenced on August 1, 2002, and had an ending date of May 31, 2003.

35. On or about November 4, 2002, Dr. Reed issued a Directive in the form of a Memorandum censuring the speech of faculty members and staff, in communicating with the media, accrediting bodies and agencies. In essence, the directive states that before a faculty or staff member could communicate with the media or accrediting body, that communication must be first cleared with the president's office.

36. The memorandum of November 4, 2002, was an attempt by Dr. Reed to restrict or limit the free speech of faculty and staff, in violation of their right of free speech as guaranteed by the United States and Arkansas Constitutions.

37. On the evening of November 4, 2002, the plaintiff was contacted at home by a reporter, who wanted a comment from the plaintiff about the reorganization that was alleged going on at Philander Smith College.

38. The plaintiff told the reporter that she could not comment on the matter, and read the

memorandum from Dr. Reed to the reporter as the basis for not being able to comment.

39. Upon information and belief, the reporter contacted Dr. Reed, and requested a comment about the directive.

40. On November 7, 2002, the plaintiff was wrongfully discharged from her place of employment with the defendant.

41. Although the faculty handbook provides that a faculty member can only be terminated for cause, the plaintiff was terminated without just cause, thus giving her a cause of action for wrongful discharge.

## VII.

### Count IV

### Breach of Contract

42. The plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41, *supra.*, inclusive as though set forth herein word for word.

43. At the time of plaintiff's discharge, dismissal of faculty members was governed by the Philander Smith College Faculty Handbook, which constitutes a contract between the parties.

44. Furthermore, the plaintiff was employed with the defendant pursuant to a written contract, which also provides that dismissal of the plaintiff shall be governed by the faculty handbook of Philander Smith College.

45. The faculty handbook provides that before a termination can become effective, the faculty member must have had an opportunity to grieve the matter before a grievance committee, as well as have been given an opportunity to discuss this matter with the administration to work

7

towards a mutual settlement.

46. The defendant breached its contract with the plaintiff by terminating her without first affording her an opportunity to discuss this matter with the administration to work towards a settlement and/or have a hearing before the grievance committee.

47. Although the plaintiff requested to have this matter investigated by the grievance committee, her request was met with rebuff.

## VIII

### Remedies

48. The plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48, *supra.*, inclusive as though set forth herein word for word.

49. Due to the unlawful employment practices that the plaintiff has been subjected to, she has suffered loss of income, humiliation, embarrassment, mental anguish, as well as pain and suffering, all to her damage in an amount to be proven at trial.

50. Due to being wrongfully discharged by the defendant, the plaintiff has suffered a loss of income.

51. Due to the defendant's act of breach of contract, the plaintiff has suffered a loss of income.

52. On March 7, 2003, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging, that she had been terminated due to her disability in violation of the Americans with Disabilities Act. **(A copy of said Charge of Discrimination is attached herein as Plaintiff's Exhibit "C").**

53. In response to Plaintiffs' EEOC charges filed with the EEOC, said agency issued them a "Dismissal and Notice of Rights" letter dated March 14, 2003, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date they received the above mentioned letter. **(A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "D").**

54. On March 19, 2003, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging, that she had been terminated due to her having opposed unlawful discriminatory practices by the defendant. **(A copy of said Charge of Discrimination is attached herein as Plaintiff's Exhibit "E").**

55. In response to Plaintiffs' EEOC charges filed with the EEOC, said agency issued them a "Dismissal and Notice of Rights" letter dated March 14, 2003, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date they received the above mentioned letter. **(A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "F").**

56. This lawsuit is being filed within the requisite 90 days of plaintiff's receipt of the "Dismissal and Notice of Rights" letter by the EEOC.

THEREFORE, the plaintiff is seeking the following relief for the above described unlawful employment practices:

a. declare that the plaintiff has been subjected to unlawful discriminatory practices;

b. back pay and reinstatement and loss of income;

c. compensatory damages;

d. the costs of prosecuting this action;

e. attorneys fees;

f. and for all other equitable, legal, and just relief.

>Respectfully submitted,
>
>PORTER LAW FIRM
>The Tower Building
>323 Center Street, Suite 1300
>Little Rock, Arkansas 72201
>501-244-8200
>
>By: _____
>Austin Porter Jr., No. 86145

Dated this 11th day of June 2003.

**PHILANDER SMITH COLLEGE**
**LITTLE ROCK, ARKANSAS**
**FACULTY CONTRACTUAL AGREEMENT**

This contract is made between the President, on behalf of the Board of Trustees of Philander Smith College (herein called the "First Party"), and **Janice Chaparro** (herein called the "Second Party") residing at **10 Summerhill Court, Little Rock, Arkansas, 72209.**

|  |  |
|---|---|
| 568-8988 | 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 |
| **Telephone** | **Social Security Number** |

WHEREIN THE SAID PARTIES AGREE AS FOLLOWS:

1. I, **Janice Chaparro**, agree to accept the position of **Assistant Professor/IV-E Field Consultant** for the school year beginning **09-15-2001** and ending **07-31-2002.**

2. The Second Party also agrees to be efficient and faithful in all duties; to attend regularly scheduled and special meetings pertaining to the accepted position cited above including mandatory attendance at the Fall and Winter Faculty/Staff Retreats, Graduation, Faculty Meetings, and a majority of the Weekly Student Assemblies; to assume leadership in co-curricular activities as needed; to set a personal example on the campus and in the community in accordance with ethical ideals and principles; and to work together with the administration, the faculty the student body, and the staff to develop at this institution a growing sense of unity and clear purpose.

3. For services efficiently and faithfully rendered in accordance with the mutual agreements cited above, Philander Smith College will pay a salary of **$40,000.00** (of which **$32,500.00** is federally funded and contingent upon the availability of funds for payment) for ten (10) months of service beginning **09-15-2001** and ending **07-31-2002**; payable in equal semi-monthly installments on the 15th and last business day of the month. The parties shall negotiate remuneration for additional services outside the purview of this contract.

4. It is mutually understood that the Second Party may be released from this contract by his or her personal request and/or by the request of the institution. When such a situation arises, the First or Second Party will give at least ninety (90) days notice prior to taking such action unless the quality of service by the Second Party is unsatisfactory to the First Party or the conduct of the Second Party is inconsistent with the highest standards of education or principles as stated in the Faculty Handbook pertaining to dismissal. In such case, the First Party shall have a right at any time during this contract period to discharge the Second party and be released from all further obligations or liabilities. It is further mutually understood that the parties shall review this contractual agreement on or after the employment anniversary of the Second Party. **Failure to support the College as outlined in paragraph two (2) above is sufficient grounds for disciplinary action or non-renewal of this contract.**

5. I request that my salary be prorated over _____ nine (9) _____ twelve (12) months. **NOTE: Salary shall be prorated over twelve (12) months unless otherwise stated above.**

THE SAID PARTIES HAVE AGREED THIS DATE _____ 20 ____

_____ L.S.       _____ L.S.
Employee                            Trudie K. Reed, Ed. D., President



PLAINTIFF'S EXHIBIT A



# PHILANDER SMITH COLLEGE

FOUNDED 1877

OFFICE of the PRESIDENT
TRUDIE KIBBE REED, Ed.D.

June 6, 2002

CONFIDENTIAL Memo

To: Ms. Pam Griffin

From: Dr. Trudie Kibbe Reed

Re: Payment for Professor Chaparro

I am approving Ms. Chaparro's request for her remaining salary (from Title IV-E) to be paid in June. This would mean that instead of receiving her final payment in July, she would receive a double payment for this month. My understanding is that the rationale for the double payment is to avoid errors in billing for IV-E because of the discontinuation of her position.

Secondly, professor Chaparro will begin a ten month contract within our General Fund from August 1, 2002 - May 31, 2003 at the current rate of payment from Title IV-E. Please issue her a contract accordingly during the time frame (August) that other faculty receive their contracts.

cc: Dr. Learmond Chapman
    Ms. Hope Johnson
    Ms. Jan Chaparro
    Dr. William Lindsey
    Ms. Carolyn Valdez



PLAINTIFF'S EXHIBIT B

812 West 13th Street • Little Rock, Arkansas 72202 • Tel. (501) 370-5275 • Fax (501) 370-5277

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 251A300834 |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Janice S. Chaparro | (501) 223-0745 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 10 Summerhill Court, Little Rock, AR 72211 | | 09/04/1955 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Philander Smith College | Cat A (15-100) | (501) 375-9845 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 812 W 13th St, Little Rock, AR 72202 | | 119 |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST          LATEST
                11/07/2002

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I was employed in November 2002 and most recently held the position of Assistant Professor of Social Work and Associate Director of Social Work. I am an individual with a record of a disability. I was discharged on November 7, 2002.

The termination letter from the President indicated that I was discharged for insubordination for reading a memo to a reporter.

I believe I was discharged because I am an individual with a record of a disability, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED MAR 0 7 2003

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date 3/7/03   /s/ Janice S. Chaparro
              Charging Party (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE (Month, day and year)

PLAINTIFF'S EXHIBIT C

EEOC FORM 5 (Rev. 07/99)

CHARGING PARTY COPY

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Janice Chaparro
10 SUMMERHILL COURT
LITTLE ROCK, AR 72211

From: E.E.O.C
Little Rock Area Office
820 Louisiana Street  Suite 200
Little Rock AR 72201

☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 251A300834 | Gloria Jordan, Inv | (501) 324-6478 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☐ Other (briefly state) _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_Kay Klugh by GJ_                                        March 14, 2003
Kay Klugh, Director                                        (Date)
Enclosure(s)

cc: Philander Smith College
Dr. Trudie K Reed
812 W 13th St
Little Rock, AR 72202

**PLAINTIFF'S EXHIBIT**

EEOC FORM 161  (Rev 09/97)                                **RESPONDENT REP COPY**

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 251A300930 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Janic S. Chaparro | (501) 223-0745 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 10 Summerhill Court, Little Rock, AR 72211 | | 09/04/1955 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Philander Smith College | Cat A (15-100) | (501) 375-9845 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 812 West 13th Street, Little Rock, AR 72202 | | 119 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST          LATEST
                  11707/2002

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I was employed in November 2002 and most recently held the position of Assistant Professor of Social Work and Associate Director of Social Work. On November 7, 2002, I was terminated.

The termination letter from the President indicated that I was terminated for insubordination for reading a memo to a reporter.

I believe that I was terminated because of my First Admendment Rights, freedom of speech and in retaliation for me helping a former co-worker with an EEOC complaint and my association with that employee, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED MAR 19 2003

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

*Janice S. Chaparro*  3/19/03
Date       Charging Party (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BE
(Month, day and year)

**PLAINTIFF'S EXHIBIT E**

EEOC FORM 5 (Rev. 07/99)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: Janic Chaparro<br>10 SUMMERHILL COURT<br>LITTLE ROCK, AR 72211 | From: E.E.O.C<br>Little Rock Area Office<br>820 Louisiana Street  Suite 200<br>Little Rock AR 72201 |
|---|---|

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 251A300930 | McKinzie Riley, Inv | (501) 324-5469 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☐ Other *(briefly state)*_____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

Kay Klugh, Director  by MR                    March 21, 2003
                                                  *(Date)*

Enclosure(s)

cc: PHILANDER SMITH COLLEGE
    812 WEST 13TH STREET
    LITTLE ROCK, AR 72202

PLAINTIFF'S EXHIBIT
F

EEOC FORM 161 (Rev 09/97)                              **RESPONDENT COPY**